IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDON SHERROD,

    Petitioner,

v.              CIVIL ACTION NO. 2:19-cv-00485

DONALD F. AMES,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Proposed Findings and Recommendation ("PF&R"), (ECF No. 16), on Respondent Donald Ames's ("Respondent") Motion to Dismiss and for Summary Judgment, (ECF No. 9). Further pending before the Court is Petitioner Brandon Sherrod's ("Petitioner") Objections to the PF&R. (ECF No. 20.) For the reasons more fully explained below, Petitioner's Objections are **OVERRULED**, the PF&R is **ADOPTED** in its entirety, the Respondent's Motion to Dismiss and for Summary Judgment is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

*A. BACKGROUND*

A detailed recitation of the factual and procedural background of this matter is found in the PF&R and thus need not be repeated here. At issue in this petition, brought pursuant to 28 U.S.C. § 2254, are the following grounds for relief, raised by Petitioner:

1) Petitioner's federal constitutional rights were violated when the trial judge failed to give a jury instruction limiting the weight of the co-defendant's guilty plea.

2) Petitioner's federal constitutional right to effective assistance of counsel [was] violated when trial counsel failed to challenge the State's gunshot residue expert testimony.

3) Petitioner's federal constitutional right to effective assistance of counsel [was] violated when trial counsel failed to challenge a recorded telephone conversation between an inmate, the Petitioner, and others without translation and verification of authenticity.

4) Petitioner's federal constitutional right to effective assistance of counsel was violated when trial counsel failed to request the Caudill/Flack jury instruction.

5) Petitioner's federal constitutional rights were violated when trial counsel failed to object to, move for a mistrial, and/or request a limiting instruction when two State witnesses testified to Rule 403 and 404(b) actions of the Petitioner, including when said State witnesses testified that they overheard the Petitioner threatening to kill a state witness.

6) Petitioner's federal constitutional rights were violated when trial counsel failed to raise the Caudill/Flack jury instruction issue on appeal.

7) Petitioner's federal constitutional rights were violated when appellate counsel failed to raise the issue of trial counsel failing to object to, move for a mistrial, and/or request a limiting instruction when two State witnesses testified to Rule 403 and 404(b) actions of the Petitioner, including when said State witnesses testified that they had overheard the Petitioner threatening to kill a State witness.

8) Petitioner's federal and state constitutional rights were violated by the effects of cumulative error.

(ECF No. 2 at 3-22).

Petitioner filed the instant petition for habeas corpus on June 28, 2019. (ECF No. 2.) By Standing Order entered in this matter on July 1, 2019, the petition was referred to Magistrate Judge Tinsley for submission of proposed findings of fact and a recommendation for disposition. (ECF No. 3.) On March 2, 2020, Respondent filed his Motion to Dismiss and for Summary Judgment. (ECF No. 9.) Petitioner filed his response in opposition on August 6, 2020. (ECF No. 15.)

Respondent did not file a reply. Magistrate Judge Tinsley submitted the PF&R on February 22, 2021. (ECF No. 16.)

By order entered on March 5, 2021, this Court granted Petitioner's motion to extend the deadline to file any objections to the PF&R to April 25, 2021. (ECF No. 19.) Petitioner filed his objections beyond the extended deadline on April 28, 2021. (ECF No. 20.) Despite the untimely filing, the Court takes up Petitioner's objections.

### B.   LEGAL STANDARD

#### A.   Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

#### B.   Habeas Corpus Standard of Review

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). "Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000).

Section 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a deferential standard of review to be applied to any claim that was "adjudicated on the merits" in state court proceedings. In such a case, a federal court may grant habeas relief only if the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law. "A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* The latter inquiry focuses on whether the state court's application of clearly established federal law was "unreasonable," as distinguished from whether it was "correct." *See Renico v. Lett*, 559 U.S. 766, 773 (2010); *Bell*, 535 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

4

Section 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts. "[A] determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (recognizing that § 2254(d) applies even if the state court issued a summary decision unaccompanied by an explanation). The state court determination will be upheld so long as "fairminded jurists could disagree" on its correctness. *Yarbrough v. Alvarado*, 541 U.S. 652, 664 (2004).

C. *Summary Judgment*

Rule 12 of the Rules Governing Section 2254 Cases ("Habeas Corpus Rules") states that the "Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules," are applicable to habeas corpus proceedings. Summary judgment, therefore, may be appropriate in federal heabeas corpus cases and allows a court to assess the need for an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 81 (1977). Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Under this well-known standard, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Liberty*

5

*Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

The standard of viewing the evidence in the light most favorable to the nonmoving party, however, conflicts with § 2254(e)(1)'s dictate that a state court's factual determinations are presumed correct and may only be rebutted by clear and convincing evidence. *See Gentry v. Sinclair*, 576 F.Supp.2d 1130, 1140 (W.D. Wash. 2008). Accordingly, the requirements of 28 U.S.C. § 2254(e) trump Rule 56 to the extent that the summary judgment standard conflicts with the AEDPA. *See* Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) ("While, as a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases, the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)—which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.") (internal citation and quotation marks omitted), *abrogated on other grounds by* Tennard v. Dretke, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see also Haight v. Parker*, Civ. Action No. 3:02-CV-206-S, 2015 WL 13548182 at *13 (W.D. Ky. July 17, 2015); *Gentry*, 576 F.Supp.2d at 1140. "[W]hile those facts tending to demonstrate the unconstitutionality of state custody are material, due to the statutory presumption of correctness, the petitioner faces a comparatively higher burden in establishing the genuineness (or hearing worthiness) of contested facts." *Haight*, 2015 WL 13548182 at *13 (quoting Hauck v. Mills, 941 F.Supp. 683, 687 (M.D. Tenn. 1996)). While cognizant of the tension between the provisions of the AEDPA, Habeas Corpus Rule 12, and the summary judgment standard, the Court finds that

summary judgment is appropriate in this matter.

## III. DISCUSSION

Even liberally construing his objections to the PF&R, Petitioner has only raised one objection. (*See generally* ECF No. 20.) His brief, in truth, hardly addresses the PF&R and instead focuses on the state courts' decisions and various federal precedent. Petitioner concludes his objections by also introducing a novel claim, which he maintains is a fact in dispute that renders an award of summary judgment inappropriate. The Court will address each of these contentions in turn.

### A. Objection to the PF&R

Petitioner's sole objection to the PF&R is that the state circuit court unreasonably applied the *Strickland* analysis to his claim of ineffective assistance of trial counsel when trial counsel failed to request a *Caudill* instruction.[1] (ECF No. 20 at 10–11.) Notably, Petitioner does not specifically identify which portion of the PF&R he objects, but instead argues that the state circuit court, despite identifying "the applicable Supreme Court precedent[,] . . . applied them unreasonably to the facts of this case." (*Id.* at 10–11.) Petitioner argues that Martin Sheehan ("Sheehan"), his expert witness on attorney performance, testified that in Sheehan's expert opinion Petitioner's trial counsel had fallen below the standard of care required in failing to request a

---

[1] In *State v. Caudill*, 289 S.E.2d 748 (W. Va. 1982), the Supreme Court of Appeals of West Virginia held as follows:

> In a criminal trial an accomplice may testify as a witness on behalf of the State to having entered a plea of guilty to the crime charged against a defendant where such testimony is not for the purpose of proving guilt of the defendant and is relevant to the issue of the witness-accomplice's credibility. The failure by a trial judge to give a jury instruction so limiting such testimony is, however, reversible error.

Syl. Pt. 3. This has come to be known as a "*Caudill* Instruction." The Supreme Court of Appeals later clarified that it is only reversible error not to give a *Caudill* instruction upon a motion for an instruction by the defendant. *State v. Flack*, 753 S.E.2d 761, 766 (W. Va. 2013).

7

*Caudill* instruction. (*Id.* at 11.) Because Sheehan had identified this failure as "problematic," Petitioner argues that he has demonstrated "a reasonable probability that . . . the result of the proceeding would have been different." (*Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (O'Conner, J., concurring in part)).) Liberally construing Petitioner's contention, the Court reasons that Petitioner objects to the PF&R's conclusion—Part II, Section A, Subsection 3—that the state courts' decisions applying the *Strickland* analysis to counsel's failure to request a *Caudill* instruction "were neither contrary to, nor an unreasonable application of, clearly established federal law[.]" (ECF No. 16 at 42.)

In *Washington v. Strickland*, 466 U.S. 688 (1984), the Supreme Court of the United States adopted a two-prong test for determining whether a defendant received adequate assistance of counsel. First, a defendant must show that counsel's representation fell below an objective standard of care; and second, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687–91. Typically, the first prong sets a high bar, as a reviewing court will find that a lawyer will have "discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent assistance.'" *Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (quoting *Strickland*, 460 U.S. at 690).

In Petitioner's case, the circuit court found that Petitioner met this "high bar" following his trial counsel's concession that failing to request a *Caudill* instruction was an "oversight." (ECF No. 9–31, Ex. 29 at 42; ECF No. 9–32, Ex. 30 at 28.) However, satisfying one prong of the *Strickland* test is not enough. Petitioner must still satisfy the second prong: That but for counsel's unprofessional errors, the result of his trial would have been different. "When a defendant

8

challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 460 U.S. at 695. This is where Petitioner's argument falls short.

After finding that Petitioner's counsel's performance was constitutionally deficient, the state court determined that despite counsel's failure, it would not have affected the outcome of the trial. In particular, the state court reasoned as follows:

> Serrano's detailed testimony about the crime and his participation in it, corroborated by the physical evidence and by Bailey's testimony, coupled with Bailey's testimony about petitioner's damaging admissions about killing the victim convicted the petitioner not the brief reference to the plea agreement, which the jury needed to hear in order to determine credibility. The failure to request the instruction was not prejudicial and this contention affords the petitioner no relief.

(ECF No. 9–32, Ex. 30 at 31–32.) In the court's opinion, there was very clearly additional evidence upon which Petitioner was found guilty, including both testimony and physical evidence.

A review of the relevant evidence substantiates the state courts' reasoning. For example, Michelle Bailey, the girlfriend of one of Petitioner's acquaintances, testified that she drove Petitioner and Michael Serrano ("Serrano") to the victim's residence, with the understanding that they intended to "fight" the victim. (ECF No. 9–4 at 62.) When they returned, she testified that Petitioner stated "I think I hit him. I think I hit him." (*Id.* at 62, 65.) This confused Ms. Bailey, as she testified that she thought Petitioner meant they physically assaulted the victim, and she questioned how Petitioner could not know whether he had struck him, but Petitioner would not answer her questions. (*Id.* at 64.) Multiple witnesses similarly testified that, after returning to Ms. Bailey's apartment, Petitioner stated, "I shot him, I felt it, I could feel it." (*Id.* at 65.) Ms. Bailey also testified that Petitioner took a shower with "bleach water," and that Petitioner told her that

9

they would have to "get rid of [her]" because she knew of their involvement in the murder. (*Id.* at 68, 69.)

Moreover, Serrano also testified in great detail of the incident. Serrano testified that he and Petitioner had discussed shooting at the victim's residence in order to scare him. (*Id.* at 102–03.) According to Serrano, Petitioner fired into the apartment directly at the victim about four or five times and that, in his experience, someone "definitely" was shot. (*Id.* at 107–09.) Serrano admitted that he only shot once and into the air. (*Id.* at 108.) Upon returning to Ms. Bailey's vehicle, Serrano testified that Petitioner said, "I feeled [*sic*] I shot him." (*Id.* at 11.) Serrano testified that, upon returning to the apartment, Petitioner stated that "he thought he killed Baby Goon," and proceeded to shower and clean up with bleach. (*Id.* at 111, 113.)

Testimony from Officer Lewis Taylor supported Serrano's testimony. Officer Taylor testified that the location and trajectory of the bullets indicated that all the shots, except for one, were aimed at the victim in the kitchen. (*Id.* at 148–57, 161, 167.) The remaining shot—a smaller caliber bullet, like the 9-millimeter handgun Serrano allegedly used—entered a neighboring apartment. (*Id.* at 167.) The police also recovered six fired cartridge cases outside the apartment near the window. (*Id.* at 159–60).

It is in this regard that Petitioner's argument fails. Truly, the testimony regarding Serrano's guilty plea to wanton endangerment with a firearm had minimal, if any, effect on the totality of circumstances, as there remained substantial evidence for the jury to convict Petitioner on the charge of murder in the first-degree. *See Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) ("All that mattered was whether the *Tennessee court*, notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every

10

fairminded jurist would disagree. . . . It did not. The Tennessee court reasonably looked to the substantial evidence of Hines' guilt.") Because the failure to request a *Caudill* instruction ultimately would not have affected the outcome due to the substantial evidence presented against Petitioner, the state courts' application of *Strickland* was not unreasonable or contrary to clearly applicable federal law. *See, e.g.*, *Shelton v. Mapes*, 821 F.3d 941, 948 (8th Cir. 2016) (Trial counsel's failure to object to jury instruction not prejudicial under *Strickland* in light of overwhelming evidence against petitioner).

Under *Strickland*, both prongs must be satisfied. Ineffectiveness of counsel does not imply prejudice. Both must be established. Petitioner fails to explain how he was prejudiced by the failure to request a *Caudill* instruction, but more importantly, the remaining evidence shows that the result of the trial would not have been affected. Therefore, because Petitioner cannot establish the second prong of *Strickland*, his objection is **OVERRULED**.

  B.  *Petitioner's New Claim*

While Petitioner's only specific objection to the PF&R addressed the state courts' decision under *Strickland*, Petitioner levels a new claim in his objections towards the PF&R. "The PF&R does everything but believe or view the facts in the light most favorable to the nonmoving party." (ECF No. 20 at 15.) Petitioner contends that the PF&R recommends dismissal "mainly" because there are no material facts in dispute. (*Id.*) Petitioner, however, contends that the evidence presented at his trial could not establish which gun fired the fatal shot, and because both he and Serrano shot their respective firearms on the scene, the weapon used—and ultimately, the killer—remains in dispute. (*Id.* at 15–16.) He maintains that the state medical examiner could not identify which firearm had in fact fired the single shot, and therefore presents a "genuine issue of material

11

fact, because this evidence is such that a reasonable jury could return a verdict for the petitioner." (*Id.* at 16.)

First, contrary to Petitioner's assertion, the proper standard on a motion for summary judgment in a habeas petition under the AEDPA is that a state court's factual determinations are presumed correct and may only be rebutted by clear and convincing evidence. *See* Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002). And as explained above, there remained a plethora of evidence for the jury to convict, something the jury did even considering the medical examiner's testimony. (ECF No. 9–4 at 182–88.) Second, Petitioner failed to raise this claim in any of the preceding state actions, a prerequisite before seeking and obtaining relief in federal court. *See* 28 U.S.C. §§ 2254(b)(1)(A), (b)(3).

Of most import, however, is the fact that Petitioner has only now raised this claim—which the Court liberally construes as a claim of insufficient evidence regarding the firearm used in the murder—in his objections to the PF&R. As evidenced above, Petitioner's raising of this claim at this juncture makes it a "new ground[] for relief," pursuant to *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017). Importantly, Petitioner did in fact raise an insufficient evidence argument as to premeditation in his direct appeal to the Supreme Court of Appeal of West Virginia and in his second state habeas petition as to the jury verdict, but no mention of the apparently disputed firearms was made until now.

In *Samples*, the Fourth Circuit reasoned that its prior holding in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), applied to habeas petitions. *Samples*, 860 F.3d at 272. *George*, the court opined, "envisions a hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into *arguments*." *Id.* (emphasis in original). In this scheme, a

district court reviewing a magistrate judge's PF&R is required "to determine *de novo* any *issue* to which proper objection is made," and to consider all arguments directed to that issue, "regardless of whether they were raised before the magistrate." *Id.* (quoting *George*, 971 F.2d at 1118 (emphasis in original)). Applying this to the habeas context, the Fourth Circuit identified the following three levels:

> (1) the *legal case* is the habeas petition; (2) the *issues or claims* are the asserted grounds for relief; and (3) the *arguments* are whatever position is taken in support of or against each asserted ground for relief.

*Id.* at 273.

Here, Petitioner has asserted a new ground for relief, which, pursuant to *Samples*, represents a novel issue. As identified above, Petitioner had already argued two grounds for relief regarding the sufficiency of the evidence in his direct appeal and second state habeas petition, and he did so "to the exclusion of other[s]." *Id.* at 275 (citing *Mayle v. Felix*, 545 U.S. 644, 661 (2005) (explaining that different claims must be pleaded discretely)). Simply, this issue was not properly before the Magistrate Judge. Because Petitioner has raised this new issue in his objections to the PF&R, this Court is under no obligation to entertain this claim. Therefore, the Court declines to do so.

## IV. CONCLUSION

For the reasons more fully explained above, the Court **OVERRULES** Petitioner's Objections to the PF&R, (ECF No. 20); **ADOPTS** the PF&R, (ECF No. 16); **GRANTS** Respondent's Motion to Dismiss and for Summary Judgment, (ECF No. 9); and **DENIES** Petitioner's Petition for a Wit of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2). The Clerk of Court is further **DIRECTED** to remove this action from the Court's active docket.

13

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 26, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE